UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

In re: INA Manufacturing Corp.,
d/b/a Deep Draw Manufacturing Co.,

Bky. No. 99-30128-DDO

Debtor.

John R. Stoebner,

Plaintiff,

v.

Adv. No. 01-3010-DDO

Ruth D. Kahn, et al.,

Defendants.

Richard J. Hettler,

Appellant,

v.

Civil No. 01-947 (RHK)

John R. Stoebner,

Appellee.

Before the Court is Richard J. Hettler's appeal from an April 19, 2001 Order of United States Bankruptcy Judge Dennis D. O'Brien in the adversary proceeding captioned John R. Stoebner v. Ruth D. Kahn et al., Adv. No. 01-3010. Hettler appeals from the Order that denied (a) his motion to "reverse" an earlier Order in the adversary proceeding dated March 26, 2001, and (b) his motion to consolidate several bankruptcy cases and adversary proceedings. (Notice of Appeal, April 26, 2001 (Adv. Doc. No. 26).)



JUL 24 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. JUL 24 2001
DEPUTY CLERK

Hettler sought to "reverse" the March 26th Order denying his request that the bankruptcy court appoint counsel to represent him pursuant to the in forma pauperis statute, 28 U.S.C. § 1915(e)(1).

With respect to decisions of the United States Bankruptcy Courts, the district courts of the United States have jurisdiction to hear appeals

> (1) from final judgments, orders and decrees;
>
> (2) from interlocutory orders and decrees issued under section 1121(d) of Title 11 increasing or reducing the time periods referred to in section 1121 of such title; and
>
> (3) with leave of the court, from other interlocutory orders and decrees.

28 U.S.C. § 158(a). As the April 19, 2001 Order resolved two separate motions brought by Hettler, the Court considers its determination of each decision separately.

## I. Appeal from the Denial of the Motion to Consolidate.

The Eighth Circuit has not ruled on whether an order denying a motion to consolidate is a final order or an interlocutory order. It is well settled in several other circuits, however, that an order denying consolidation generally is not a final appealable order. In re Master Key Antitrust Litig., 528 F.2d 5, 13 (2d Cir. 1975); NAACP of Louisiana v. Michot, 480 F.2d 547, 548 (5th Cir. 1973); United States v. Chelsea Towers, Inc., 404 F.2d 329, 330 (3d Cir. 1968). In exceptional circumstances, an order regarding procedural consolidation may be considered a "collateral order" pursuant to Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546-47 (1949). The Court has reviewed

the record in this case and concludes that Hettler's motion to consolidate does not fall within the narrow exception of Cohen. That portion of the April 19, 2001 Order denying Hettler's motion for consolidation is interlocutory and may be appealed from only with leave of this Court. The Court will exercise its discretion and hear Hettler's appeal from the interlocutory bankruptcy court order. See Yukon Energy Corp. v. Brandon Investments, Inc. (In re Yukon Energy Corp.), 138 F.3d 1254, 1258 (8th Cir. 1998).

A reviewing court evaluates the denial of a motion for procedural consolidation under an abuse of discretion standard. See Green v. Polunsky, 229 F.3d 486, 488 (5th Cir. 2000); cf. Martwick v. Agribank, FCB (In re Martwick), 60 F.3d 482, 483 (8th Cir. 1995) (holding that bankruptcy court did not abuse its discretion in denying procedural motion for a continuance). Having reviewed the record before the bankruptcy court, this Court concludes that Judge O'Brien did not abuse his discretion in declining to consolidate the proceedings Hettler sought to consolidate. Accordingly, that part of the April 19, 2001 Order will be affirmed.

**II. Appeal from the Denial of the "Motion to Reverse" the March 26th Order.**

Hettler brought his "Motion to Reverse" the March 26, 2001 Order pursuant to Bankruptcy Rule 9023, which makes Rule 59 of the Federal Rules of Civil Procedure applicable in cases under the Bankruptcy Code. Rule 59 states that a motion to alter or amend a **judgment** must be made no later than ten days after entry of the judgment. Fed. R. Civ. P. 59(e). In the above-referenced adversary proceeding, however, no judgment

was entered on March 26, 2001. Rule 59 therefore does not apply to Hettler's "Motion to Reverse" the March 26th Order. That motion is more properly considered one for reconsideration.

An order that denies a request for appointment of counsel is not a final order. See Haley v. Walker, 751 F.2d 284, 286 (8th Cir. 1984) (stating that an appeal from such an order is interlocutory). Therefore, a motion seeking reconsideration of the denial of appointment of counsel is properly considered a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, as opposed to Rule 59(e). See Broadway v. Norris, 193 F.3d 987, 989 (8th Cir. 1999). Rule 60 applies in cases brought under the Bankruptcy Code. Fed. R. Bankr. P. 9024. In ruling on an appeal from the denial of a Rule 60 motion, the only question for the reviewing court to decide is whether that Rule 60 motion was properly decided; the appeal is not a vehicle for examining the underlying order or judgment. See Broadway, 193 F.3d at 989. The denial of a motion for relief under Rule 60(b) is reviewed only for an abuse of discretion. Arnold v. Wood, 238 F.3d 992, 998 (8th Cir. 2001).

On March 26, 2001, the bankruptcy court ruled that 28 U.S.C. § 1915 did not apply to bankruptcy cases and that, even if it did, Hettler had failed to show why counsel should be appointed for him. A Rule 60(b) motion is not simply a vehicle for rearguing a motion on the merits. See Broadway, 193 F.3d at 990. Hettler has not demonstrated to this Court that the bankruptcy court had before it on Hettler's "Motion to Reverse" new

legal authority or compelling new facts that were unavailable at the time he originally sought appointment of counsel. The Court has carefully examined the record on Hettler's "Motion to Reverse" the bankruptcy court's March 26th Order and concludes that the Bankruptcy Court did not clearly abuse its discretion in denying that "Motion to Reverse." The Court will affirm that decision.

## III. Conclusion

Based on the foregoing, **IT IS ORDERED** that the Bankruptcy Court's April 17, 2001 Order is **AFFIRMED**, and Richard J. Hettler's appeal is **DISMISSED WITH PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: July 24, 2001

RICHARD H. KYLE
United States District Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES: JUL 24 2001

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.