**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

---

In re: INA Manufacturing Corp.,
d/b/a Deep Draw Manufacturing Co., Bky. No. 99-30128-DDO

Debtor.

---

John R. Stoebner,

Plaintiff, Adv. No. 01-3010-DDO

v.

Ruth D. Kahn, et al.,

Defendants.

---

Richard J. Hettler,

Appellant, Civil No. 01-947 (RHK)

v.

John R. Stoebner,

Appellee.

---

Before the Court is Richard J. Hettler's motion asking this Court to hear his appeal from an interlocutory order of the United States Bankruptcy Court, as identified in this Court's July 24, 2001 Order. Hettler also asks this Court, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, to amend (in actuality, to reverse) its July 24, 2001 Order affirming the Order of United States Bankruptcy Judge Dennis D. O'Brien in the above-captioned adversary proceeding. Hettler appealed from an order denying (a) his motion to "reverse" an earlier Order in the adversary proceeding dated March 26, 2001,



SEP 21 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

and (b) his motion to consolidate several bankruptcy cases and adversary proceedings. (Notice of Appeal, April 26, 2001 (Adv. Doc. No. 26).) The March 26th Order Hettler sought to "reverse" denied his request for the appointment of counsel to represent him pursuant to the in forma pauperis statute, 28 U.S.C. § 1915(e)(1).

With respect to Hettler's request for leave to appeal an interlocutory order, the Court determines that the request is moot. In its July 24, 2001 Order, the Court exercised its discretion and decided the merits of Hettler's appeal from the Bankruptcy Court's non-final order. There is nothing identified in Hettler's Notice of Appeal that was not decided on the merits.

With respect to Hettler's motion to amend the July 24 Order, the Court observes that Rule 59(e) of the Federal Rules of Civil Procedure was adopted

> to clarify a district court's power to correct its own mistakes in the time period immediately following entry of judgment. Rule 59(e) motions serve a limited function of correcting manifest errors of law or fact or to present newly discovered evidence. Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment.

Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998) (citations and internal quotation marks omitted). Together with his Rule 59(e) motion, Hettler has submitted an eleven-page, single-spaced affidavit to which are attached sixty pages of exhibits. Hettler's affidavit chronicles events that have transpired between September 1996 and July 2001. The vast majority of the facts

set forth in Hettler's August 1, 2001 affidavit -- which Hettler alleges substantiates bankruptcy fraud -- were known to Hettler prior to his appeal of Bankruptcy Judge O'Brien's Order in the above captioned adversary proceeding. The Court finds no newly discovered evidence presented in a competent form to the Court.

The motions decided by Bankruptcy Judge O'Brien's Order are reviewed under an abuse of discretion standard. See Green v. Polunsky, 229 F.3d 486, 488 (5th Cir. 2000); Arnold v. Wood, 238 F.3d 992, 998 (8th Cir. 2001) (motion for reconsideration pursuant to Rule 60). Hettler's present motion to amend therefore presents the question of whether this Court committed a manifest error of fact or law in deciding that the Bankruptcy Court did not clearly abuse its discretion in denying Hettler's motions. Hettler has failed to establish that the Court has committed such an error.

Based on the foregoing, **IT IS ORDERED** that Hettler's Motion for Leave to Hear Appellant's Appeal from the Interlocutory Bankruptcy Order (Doc. No. 10) is **DENIED**.

Date: September 21, 2001

RICHARD H. KYLE
United States District Judge